UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ELIJAH IBN ABDULLAH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:19-cv-02182-SEB-DLP |
| CORE CIVIC AMERICA (CCA), MARION COUNTY JAIL II, CITY OF INDIANAPOLIS, SHERIFF DEPT., | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AND DISMISSING COMPLAINT AND
DIRECTING PLAINTIFF TO SHOW CAUSE**

**I. Screening**

Plaintiff Elijah Abdullah paid the initial partial filing fee on July 31, 2019. He alleges that he was a pretrial detainee at all relevant times at the Marion County Jail II. He brings this civil rights action under 42 U.S.C. § 1983.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

*Allegations*

The complaint names the following defendants: 1) Core Civi America (CCA); 2) Marion County Jail II (the Jail II); 3) City of Indianapolis; and 4) Sheriff Dept. For relief, Mr. Abdullah seeks compensatory damages. Dkt. 1.

Mr. Abdullah alleges that on or about May 6, 2019, he was in custody at the Jail II awaiting trial. He was assaulted by another inmate, causing him severe physical injuries. He alleges that unnamed correctional officers left his dorm unit unattended and a large steel breakfast cart was used in the assault. He further alleges that officers took him into a disciplinary holding cell after the assault rather than give him access to emergency medical treatment. He suffered injuries to his nose, mouth, jaw, tooth, and forehead. He was not seen by medical staff for hours, and he was not given any x-rays until days after the injuries were incurred. He experienced pain and swelling on his face and head.

*Discussion*

"Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of

and the official sued is necessary.")). Here, Mr. Abdullah does not name as defendants any officers who allegedly failed to protect him from the assault. He also does not allege whether any officer had specific information that such an assault might occur. Furthermore, he does not identify any individual who denied him medical care.

The defendants that Mr. Abdullah does name are not liable for his injuries under these circumstances. CCA and the Jail II appear to be buildings, not "persons" that are suable under section 1983. *See Hamilton v. Miller,* 18-cv-47-PP, 2018 WL 4215610 (E.D. Wis. Aug. 31, 2018) ("[P]risons…are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them."). The claims against CCA and the Jail II are **dismissed for failure to state a claim upon which relief can be granted.**

The City of Indianapolis and the Sheriff's Department could only be liable if they had an unconstitutional policy that caused the injury. "[M]unicipal governments cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." *Simpson v. Brown County,* 860 F.3d 1001, 1005-006 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978)). To invoke supervisory liability under *Monell*, a plaintiff "must demonstrate that there was an official policy, widespread custom, or action by an official with policy-making authority [that] was the moving force behind his constitutional injury." *Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017) (internal quotations omitted). Mr. Abdullah does not allege that there was any policy or custom that caused his injury. Therefore, the claims against the City of Indianapolis and the Sheriff's Department are **dismissed for failure to state a claim upon which relief can be granted.**

## II. Show Cause

The complaint must be dismissed for the reasons set forth above. Mr. Abdullah shall have **through September 20, 2019,** in which to either show cause why Judgment consistent with this Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint must have the proper case number on the first page, 1:19-cv-02182-SEB-DLP. An amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Abdullah fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED.**

Date: 8/21/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ELIJAH IBN ABDULLAH
477809
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202